■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. SEYMOUR KATZ, Appellant.— Determination of appeal from judgment, Supreme Court, New York County, rendered on April 24, 1972, convicting the defendant, after jury trial, of criminal contempt as a misdemeanor, and sentencing him to a term of six months imprisonment, is withheld and the case is remitted for a hearing on the question of whether the District Attorney adhered to the representation made that no evidence procured by means of electronic surveillance would be introduced against defendant at the trial. The defendant was granted immunity to testify before a Manhattan Grand Jury. When questioned con-

cerning recent conversations, he repeatedly answered "I don't remember", although he was advised that such answers could lead to criminal contempt charges. (*People* v. *Ianniello*, 21 N Y 2d 418.) Prior to the trial, defendant moved for discovery as to whether the conversations were obtained by electronic interception. When discovery was allowed, the prosecutor moved for reargument upon the ground, among others, that no such "evidence" would be "introduced" against the defendant at the trial. Whereupon, on reargument, discovery was denied. However, at the trial some use was made of the taped conversations. Inasmuch as we find no merit in appellant's other assignments of error, the determination of this appeal should be withheld and the case remitted for a hearing to determine the nature and extent of the representation made, and whether complied with. (*Santobello* v. *New York*, 404 U. S. 257.) Concur — Markewich, J. P., Kupferman, Lane and Capozzoli, JJ.